IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anthony Tylor, | ) |
|       *Plaintiff,* | ) ) ) 15-cv-_____ |
| -vs- | ) ) |
| City of Chicago, Officer DeJesus, #6332, Officer Medina, and Detective T.R. Shebish, | ) ) )  *(jury demand)* ) ) |
|       *Defendants.* | ) |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. Section 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1343 and 1367.

2. Plaintiff Anthony Tylor is a resident of the Northern District of Illinois.

3. Defendant City of Chicago is an Illinois municipal corporation. Plaintiff asserts only state law claims against the City.

4. Defendants Officer DeJesus, #6332, Officer Medina, and Detective T.R. Shebish were all times relevant acting under color of their authority as police officers of the City of Chicago.

5. On December 17, 2013, defendants DeJesus and Medina arrested plaintiff in his dwelling in the 7800 block of South Chappel Avenue in the City of Chicago.

6. Defendants DeJesus and Medina entered plaintiff's dwelling without a warrant, without consent, and in the absence of any emergency.

7. Neither DeJesus nor Medina had observed plaintiff commit an offense.

8. At the time they arrested plaintiff, neither DeJesus nor Medina was aware of anything that could have caused a reasonable police officer to believe that plaintiff had committed an offense.

9. After arresting plaintiff, defendants DeJesus and Medina caused plaintiff to be charged with several misdemeanor offenses.

10. Defendants DeJesus and Medina knew that there was no reasonable basis for the above mentioned charges.

11. As a result of the actions of defendants DeJesus and Medina, plaintiff remained in custody at the Cook County Jail until December 26, 2013, when the prosecutor dismissed the misdemeanor charges against him.

12. Defendant Shebish arrested plaintiff upon his release from the Jail on December 26, 2013.

13. At the time he arrested plaintiff, Shebish had not observed plaintiff commit an offense and was not aware of anything that could have caused a reasonable police officer to believe that plaintiff had committed an offense.

14. After arresting plaintiff, defendant Shebish transported plaintiff to a police station and interrogated him.

15. After plaintiff proclaimed his innocence and refused Shebish's requests to make inculpatory statements, Shebish, acting without any reasonable basis, directed other police officers, whose names are presently unknown to plaintiff, to remove all of plaintiff's clothes and hold him without clothing in a detention cell.

16. The above referred officers followed Shebish's orders and removed plaintiff's clothing.

17. Plaintiff remained in the cell without clothing for several hours.

18. Although plaintiff did not make any inculpatory statements, defendant Shebish fabricated evidence, thereby causing plaintiff to be held in custody and prosecuted for offenses which Shebish knew plaintiff had not committed. These acts included the preparation of police reports containing the material false statements:

    a.    That plaintiff admitted that he had forced open the door to the first floor apartment of the building in which plaintiff then lived;

    b.    That plaintiff admitted that he had entered the first floor apartment of the building in which plaintiff then lived; and

    c.    That plaintiff admitted that while in the first floor apartment he had yelled threats at the inhabitants of that apartment.

19. Defendant Shebish communicated the above described material false statements to the prosecutor to induce the filing of felony charges against plaintiff.

20. As the direct and proximate result of the conduct of defendant Shebish, plaintiff was charged with felony offenses, held at a high bail, and detained at the Cook County Jail until he was acquitted of all charges on August 24, 2015.

21. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

22. As a supplemental state law claim against defendant City of Chicago only: as a result of the foregoing, plaintiff was subjected to a malicious prosecution under Illinois law.

23. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered against defendants DeJesus, Medina, and Shebish for appropriate punitive and compensatory damages and against defendant City of Chicago for appropriate compensatory damages.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*attorneys for plaintiff*