**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Tylor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Pallmeyer |
| V. | ) | |
| | ) | |
| City of Chicago, Officer DeJesus, | ) | 15 C 11359 |
| #6332, Officer Medina, and | ) | |
| Detective T.R. Shebish, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR ENTRY OF
AGREED CONFIDENTIALITY ORDER**

Defendants, City of Chicago ("City"), by its attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, and Officers DeJesus, Medina, and Shebish (collectively, "Defendants"), by and through one of their attorneys, Marion C. Moore, Assistant Corporation Counsel, respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. §§ 160 and 164, for entry of Defendants' "Agreed Confidentiality Order" and, in support thereof, Defendants state as follows:

1. Documents containing confidential information relating to parties and non-parties are being sought in this matter. Specifically, discovery relating to investigation files commonly referred to as Complaint Registers ("CRs") of Chicago police officers are at issue. Defendants do not seek to prevent the production of any relevant CR files for purposes of litigation in this matter, but rather, to ensure all proper redactions are made prior to any further public dissemination by the parties of the still voluminous sensitive information contained within those files which remains protected by statute following the implementation of the *Kalven* decision,

which removed the previous blanket protection previously afforded such files. *See Kalven v. City of Chicago*, 2014 IL App (1st) 121846, 7 N.E.3d 741 (1st Dist. 2014).

    2.    *Kalven* recognizes the importance of such screening, as well as *in camera* review, as necessary, prior to any public dissemination to ensure specific statutory protections still remaining within those files are implemented through proper redactions. *Kalven*, 2014 IL App (1st) 121846, ¶¶ 24, 32, 7 N.E.3d at 748-49. Consequently, Defendants seek the entry of their proposed Confidentiality Order, which is designed to implement such screening within the L.R. 26.2 Model Confidentiality Order with respect to the production and handling of the voluminous CR files. This screening process is outlined in paragraph 2 of the proposed order, with the specific statutory redactions to be reviewed and completed prior to any public dissemination provided therein. A redlined version of Defendants' proposed Confidentiality Order is attached hereto as Exhibit A. All parties to this matter have reviewed and agreed to the entry of this Agreed Confidentiality Order.

    3.    Defendants' proposed Confidentiality Order is consistent with this District's model confidentiality order, with the inclusion of additional language regarding the protocol for designating particular information contained within CR files as "Confidential Information" under the terms of the Order. While court proceedings generally are open to public scrutiny, not all materials produced in discovery but unfiled in court proceedings may be freely available or disseminated to the public. To the contrary, courts have consistently provided confidential protection for the kind of unfiled, sensitive documents at issue here. For instance, in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984), the Supreme Court held that the public's right of access is limited to traditionally publicly available sources of information, and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public

source of information." The Court there recognized that Fed. R. Civ. P. 26(c) allows for protection from annoyance and embarrassment, and while Rule 26(c) does not contain a specific reference to privacy, privacy is "implicit in the broad purpose and language of the Rule." *Seattle Times*, 467 U.S. at 35, n.21.

4. The Seventh Circuit has recently re-confirmed its position distinguishing between filed and unfiled discovery for purposes of confidential protection. *Goesel v. Boley Int'l,* 738 F.3d 831, 833 (7th Cir. 2013). Citing its earlier decision in *Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit stated ". . . the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption.'" *Goesel,* 738 F.3d at 833*; Baxter*, 297 F.3d at 548. Earlier in *Baxter*, the court also stated that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter*, 297 F.3d at 545. And in *Bond v. Utreras,* the court re-emphasized that "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." 585 F.3d 1061, 1074-75 (7th Cir. 2009). "Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery." *Id.* at 1073; *see also Coleman v. City of Chicago, et al.*, 12 C 10061 (N.D. Ill. Apr. 4, 2014) (J. Kennelly) (as a general rule, the public has no right of access to unfiled discovery (*citing Bond*, *supra*)).

5. While Illinois statutes do not control this Court's determination, such statutes provide helpful guidance in determining whether there is good cause for defining various information contained within CR files as confidential. *See, e.g., Johnson v. Kemps,* 2011 WL 2550507 at *2 (N.D. Ill. June 20, 2011). For example, although, as mentioned above, there is

3

no longer a blanket exemption from public release for CR files (*see Kalven*, *supra*), Section 7 of the Illinois Freedom of Information Act ("IFOIA") still sets forth exemptions to public disclosure of specific sensitive information contained within various portions of CR files. 5 ILCS 140/7 *et seq.* (West 2010). These include, *inter alia*, names of Complainants and third parties and other private information of individuals, including social security numbers, personal addresses and the like, and information that needs to be protected for safety and security reasons. 5 ILCS 140/7(1)(a), 5 ILCS 140/7(1)(b), 5 ILCS 140/7(1)(c), 5 ILCS 140/7(1)(d). In addition, the Juvenile Court Act, 705 ILCS 405/1-1 *et seq.* (protecting the disclosure of juvenile court records), the Illinois Identity Protection Act 5 ILCS 179/10(b)(1)(protecting citizens from identity theft), and the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 *et seq.* (protecting the disclosure of certain employee personnel file information) also mandate protection under Illinois law. For the convenience of both the parties and the Court, such standard statutory protections are listed in detail in paragraph 2 of Defendants' proposed Order.

6. Determining which particular information is protected by IFOIA or by provisions of other statutes existing in voluminous CR-type files can only be determined upon close investigation, in an often burdensome, tedious and time-consuming case-by-case, page-by-page, paragraph-by-paragraph review. Defendants' proposed Confidentiality Order provides a framework to facilitate discovery while providing a specific public release procedure, post-production, consistent with IFOIA's own "voluminous requests" provision. *See* 5 ILCS 140/2(h) (defining "voluminous request"); 5 ILCS 140/3.6 (setting forth procedure for "voluminous requests").

7. Ensuring that redactions are properly made prior to any public release of such

protected information is essential, and Defendants' proposed Confidentiality Order provides the framework for that contingency while, at the same time, facilitating discovery in this matter through the expedited production of such materials for purposes of litigation. Defendants' proposed additional language tracks protective orders entered by the courts in this district containing similar, if not identical, language regarding the definition of confidential matter and the public release procedure contained in Paragraph 2 of Defendants' proposed Confidentiality Order, including in the following cases: *Banks v. City, et al.*, 15 C 7646 (N.D. Ill. March 2, 2016) (Dow, J.); *Patterson v. City of Chicago, et al.*, 14 C 6458 (N.D. Ill. May 28, 2015) (Leinenweber, J.); *Ball v. Cortes, et al.*, 11 C 8741 (N.D. Ill. May 21, 2015) (Dow, J.); *Kinslow v. City of Chicago, et al.*, 14 C 6005, (N.D. Ill. May 20, 2015) (Bucklo, J.); *Duprey v. City of Chicago*, 15 C 111 (N.D. lll. May 12, 2015) (Chang, J.); *Romero v. City of Chicago, et al.*, 14 C 6137 (N.D. Ill. May 6, 2015) (Kennelly, J.); *Ball v. Cortes, et al.*, 11 C 8741 (N.D.Ill. May 21, 2015)(Dow, J.); *Santiago v. City of Chicago, et. al.*, 14 C 8205 (N.D.Ill. June 9, 2015)(Judge Castillo); *Mock v. Castro*, 14 C 3274 (N.D.Ill. June 12, 2015)(Shah, J.); *Warren v. City of Chicago*, 14 C 7514 (N.D.Ill. June 19, 2015) (Alonso, J.); *Allen v. City of Chicago*, 14 C 6217 (N.D.Ill. June 19, 2015) (Blakey, J.); *Horton v. City of Chicago, et al.*, 13 C 6865 (N.D.Ill. June 30, 2015)(Dow, J.)..

      8. As mentioned above, all parties agree to the entry of Defendants' proposed Agreed Confidentiality Order, which will help minimize discovery disputes because sensitive information contained within documents will still be used only for the purposes of the instant litigation.

WHEREFORE, Defendants respectfully request that this Court enter Defendants' proposed Agreed Confidentiality Order, attached hereto as Exhibit A, and for such further relief the Court deems just and proper.

Date:   June 20, 2016

                                              Respectfully Submitted,

                                              /s/ *Marion C. Moore*
                                              Marion C. Moore
                                              Assistant Corporation Counsel
                                              City of Chicago, Department of Law
                                              30 N. LaSalle Street, Suite 900
                                              Chicago, Illinois 60602
                                              (312) 744-1056
                                              Atty. No. 6302566

## CERTIFICATE OF SERVICE

      I hereby certify that I have served the attached document by causing it to be delivered by electronic means via the CM/ECF System to all counsel of record this 20th day of June, 2016.

                                              */s/ Marion C. Moore*
                                              Assistant Corporation Counsel